**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TAWANA LYNN CONE,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Case No: 6:14-cv-11-Orl-18KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES (Doc. No. 22)**
>
> **FILED:** **September 4, 2014**

Plaintiff Tawana Lynn Cone seeks an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on July 31, 2014. Doc. No. 21. Counsel for Plaintiff represents that the Commissioner does not object to the relief requested. Doc. No. 22 at 3. Thus, the motion is now ripe for consideration.

Richard A. Culbertson, Esq., Plaintiff's counsel of record, seeks an award of fees for 2.3 hours of work in 2014. *Id.* at 2, 12. Attorney Culbertson also seeks recovery for 0.7 hours of

work in 2013[1] and 6.7 hours of work in 2014, for a total of 7.4 hours worked by Attorney Sarah Fay. *Id.* at 2, 13. Attorney Culbertson also seeks recovery for 19.0 hours worked in 2013 by Michael Culbertson, a paralegal. *Id.* at 2, 14.

The EAJA sets a ceiling of $125.00[2] on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index ("CPI"). 28 U.S.C. § 2412(d)(2)(A). Attorneys Culbertson and Fay request $187.00 per hour for the work performed in 2013 and $189.77 per hour for the work performed in 2014. Doc. No. 22 at 2, 8. Attorney Culbertson provides an analysis of the cost-of-living adjustment using the CPI for 2013 and 2014. *See id.* at 8-10. Independent calculations show that the average adjusted hourly rate for 2013 for the EAJA is $187.02[3] and the average adjusted hourly rate for 2014 for the EAJA is $189.78.[4] Accordingly, based on the cost-of-living adjustment, the requested

---

[1] The timesheet reflects that Attorney Fay worked 0.8 hours in 2013. Doc. No. 22 at 13. However, because Plaintiff only requests an award of attorney's fees for 0.7 hours worked in 2013, I recommend that the Court use that figure in calculating the award of attorney's fees.

[2] Congress amended the EAJA and changed the statutory rate to $125.00 for all civil actions filed on or after March 29, 1996. 28 U.S.C. § 2412(d)(2)(A)(ii) (as amended by Pub. L. 104-121, § 232(b)(1)).

[3] The figure is calculated by taking the "Annual" CPI rate for 2013 and subtracting from it the March 1996 rate (232.957 – 155.7 = 77.257) and then dividing that number by the March 1996 rate (77.257 ÷ 155.7 = 0.4962). These calculations result in the cost-of-living percentage increase from March 1996 through 2013. The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.4962 × 125) + 125 = 187.02). *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button) (last visited Sept. 8, 2014). Plaintiff seeks only $187.00, however, so that is the figure I recommend that the Court use.

[4] The figure is calculated by taking the "HALF1" CPI rate for 2014 and subtracting from it the March 1996 rate (236.384 – 155.7 = 80.684) and then dividing that number by the March 1996 rate (80.684 ÷ 155.7 = 0.5182). These calculations result in the cost-of-living percentage increase from March 1996 through June 2014. The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.5182 × 125) + 125 = 189.78). *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button) (last visited Sept. 8, 2014). Plaintiff seeks only $189.77, however, so that is the figure that I recommend that the Court use.

rates of $187.00 per hour for work performed in 2013 and $189.77 per hour for work performed in 2014 do not exceed the EAJA cap of $125.00 per hour adjusted for inflation.

The EAJA states that the amount of attorney's fees and costs shall be based on prevailing market rates, "except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). At least one judge of this Court has expressed concern that the maximum rates authorized by applying a cost-of-living adjustment exceed the reasonable hourly rate for work of this type. *See Coffman v. Astrue*, No. 8:07-cv-1416-T-TGW, 2008 WL 5137956 (M.D. Fla. Dec. 5, 2008). Nevertheless, because the Commissioner does not object to the hourly rates sought for 2013 and 2014, and they are within the rates permitted by the EAJA, I recommend that the Court find that the rates of $187.00 per hour for work performed in 2013 and $189.77 per hour for work performed in 2014 are reasonable in the absence of objection.

The United States Court of Appeals for the Eleventh Circuit has recognized that fees for work by a paralegal may be recovered under the EAJA, to the extent that the paralegal performs work traditionally done by an attorney. *Jean v. Nelson*, 863 F.2d 759 (11th Cir. 1988). Under the EAJA, the amount of fees awarded to non-attorneys shall be based on the prevailing market rates for the kind and quality of the services furnished. 28 U.S.C. § 2412(d)(2)(A). The summary of the work Paralegal Culbertson performed reflects that he performed work traditionally done by an attorney. Doc. No. 22 at 13. Cone seeks a rate of $75.00 per hour for the work of Paralegal Culbertson, which I recommend that the Court find is a reasonable rate in central Florida in the absence of objection.

I also recommend that the Court find that the total number of attorney and paralegal hours worked is reasonable in the absence of objection.

Finally, I note that Plaintiff filed a retainer agreement that includes an assignment of any fees awarded under the EAJA to Attorney Culbertson. Doc. No. 22-1. In the motion, Attorney Culbertson represents that the Commissioner agreed that she will accept the assignment of EAJA fees if it is determined that Plaintiff does not owe a federal debt. Doc. No. 22 at 2-3. Because the Commissioner has taken inconsistent positions regarding whether she will honor such an assignment, I recommend that the Court not require that the EAJA fees be paid directly to Plaintiff's counsel but permit the Commissioner to do so in her discretion.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **GRANT in part** Plaintiff's Uncontested Petition for Attorney's Fees (Doc. No. 22) and **DIRECT** the Commissioner of Social Security to pay Plaintiff Tawana Lynn Cone attorneys' fees in the total amount of $3,263.82.[5]

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 8, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[5] The fees are calculated as follows: ($187.00 per hour × 0.7 hours of work in 2013 by Attorney Fay = $130.90) + ($189.77 per hour × 9.0 hours of work in 2014 by Attorneys Culbertson and Fay = $1,707.93) + ($75.00 per hour × 19.0 hours of work in 2013 by Paralegal Culbertson = $1,425.00) = $3,263.83. Plaintiff seeks only $3,263.82, however, so that is the figure I recommend that the Court award.